IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| KENNETH L. WEST, | § | |
| | § | No. 365, 2016 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 0905016864 (S) |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: March 24, 2017
Decided:   May   31, 2017

Before **STRINE**, Chief Justice; **VAUGHN**, and **SEITZ**, Justices.

## ORDER

This 31st day of May 2017, upon consideration of the parties' briefs and the Superior Court record, it appears to the Court that:

(1)    The appellant, Kenneth L. West, is incarcerated at the James T. Vaughn Correctional Center serving a Level V sentence imposed in 2010.  West filed this appeal from the Superior Court's summary denial of his recent motion seeking a "medical modification of sentence" under Superior Court Criminal Rule 35(b). West claims that the court's summary denial of his motion was an abuse of discretion. We find no merit to the appeal and affirm the Superior Court's judgment.

(2)     Rule 35(b) provides that, on a motion for modification of sentence filed more than ninety days after sentencing, the Superior Court may grant the motion "only in extraordinary circumstances" or on the basis of an application filed by the Department of Correction under 11 *Del. C.* § 4217.[1]  Section 4217 permits a sentence modification "solely on the basis of an application filed by the Department of Correction for good cause shown which certifies that the release of the defendant shall not constitute a substantial risk to the community or the defendant's own self."[2]  Good cause can include an offender's "serious medical illness or infirmity."[3]  Under a policy implemented by the Bureau of Prisons and adopted by the Department of Correction, an offender can initiate the discretionary process for making a determination under § 4217 by submitting a request and required forms to the Department of Correction.[4]

(3)     In his opening brief on appeal, West asserts that he should not have to seek a medical modification of sentence under 11 *Del. C.* § 4217 because "extraordinary circumstances" warrant consideration of his motion.   West is mistaken.  Section 4217 is the statutory vehicle for seeking a medical modification

---

[1] Del. Super. Ct. Crim. R. 35(b).
[2] 11 *Del. C.* § 4217 (b) (Supp. 2017).
[3] *Id.* (c).
[4] Department of Correction Bureau of Prisons Policy 3.32, § VI.C.1.

of sentence.[5]    West cannot bypass the statute by asserting the existence of extraordinary circumstances.[6]

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Justice

---

[5] *Cf. State v. Culp*, 152 A.3d 141, 146 (Del. 2016) ("Section 4217 is the appropriate mechanism through which a defendant may pursue a sentence modification based upon rehabilitation.").
[6] *Id.* at 146–47.